FAX 331-9267

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY JOSEPH VONO, d/b/a SPECIALTY PROMOTIONS, Plaintiff** | } | CA 05 485 S |
| **v.** | } | **C.A. NO. 05-________** |
| **JAMES R. CAPALDI, individually and in his official capacity as Director, State of Rhode Island Department of Transportation Defendant** | } | |

**COMPLAINT**

**I. Introduction**

1. This civil action is brought by a Rhode Island resident whose business includes use of an outdoor advertising sign located on the roof of his commercial location at 101 Poe Street, Providence, Rhode Island. Beginning in July of 2005 the State Department of Transportation notified him that his sign was allegedly in violation of state law because the sign then advertised an "off-premises" activity (namely the non-profit Casey Family Services) rather than an "on-premises" activity, i.e. one relating to the property on which the sign was located. Plaintiff challenges this threatened removal of his sign as violative of his rights protected by the First Amendment.

## II. The Parties

2. Plaintiff Anthony Joseph Vono is an adult resident of Rhode Island. He engages in the business of creating and designing promotional materials, such as T-shirts, hats, cups, and including the design of signs for his outdoor advertising sign.

3. Defendant James R. Capaldi is the Director of the State of Rhode Island, Department of Transportation. As such his duties include enforcement of Rhode Island General Laws Section 24-10.1-1 et seq. (outdoor advertising). He is sued individually and in his official capacity as Director.

## III. Jurisdiction

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. Section 1331, and Section 1343(a)(3).

5. In addition, this Court has jurisdiction to grant declaratory and ancillary relief, pursuant to 28 U.S.C. Section 2201 and Section 2202.

## IV. Factual Background

6. The real property located at 101 Poe Street is owned by Stephen T. Haun, Haun Properties, LLC. Plaintiff Vono is the commercial lessee, who operates as Specialty Promotions at the site. Vono's leasehold includes use of the roof sign space, upon which Vono currently has placed an outdoor advertising sign.

7. The City of Providence, Department of Inspections and Standards, issued a permit on November 27, 2001, for a "roof sign (change of contractor) 19' x

8'5". Permit No. 11. A roof sign existed at the site prior to this change. The previous roof sign was larger than Vono's current sign.

8. Plaintiff has leased the sign space to various advertisers in recent years, on a monthly rental basis. The rental income goes into a joint account with Haun Properties.

9. A variety of advertisers have used the sign, which is clearly visible from the northbound lanes of Interstate 95, just south of the juncture with Interstate 195. Included among the previous advertisements was a Carcieri for Governor election sign.

10. On July 7, 2005, the Rhode Island Department of Transportation (RIDOT) notified Mr. Vono and Haun Properties that the current sign (advertising the non-profit Casey Family Services) must be removed since it advertised "an activity not occurring on the property where it [the sign] is located and the sign is being used for 'Off Premise Advertising.' The sign can only legally be used to advertise on premise activity."

11. On July 13 RIDOT sent a second letter, reiterating the position of the first letter but adding that RIDOT was declaring that the Casey Family Services sign, since it did not advertise an activity actually occurring at 101 Poe Street, was thereby a "public nuisance."

12. Mr. Vono responded to RIDOT, pointing out that the design of the sign was a creation of Specialty Promotions and that the sign also advertised his own on-premises activity.

13. On August 16 RIDOT again wrote to Vono offering to allow him to keep the "public nuisance" sign up until December 31, 2005, if Vono agreed to thereafter convey only "on-premises" related messages on the sign.

14. On August 22 Vono responded that he believed the sign in its current configuration satisfied the "on-premises" requirements. He enclosed photos.

15. On September 2, 2005, RIDOT responded that it continued to view the sign as an "off-premise" advertisement.

16. On September 12, 2005, plaintiff (now represented by counsel) wrote to RIDOT senior legal counsel urging that the "on premises/off premises" distinction implicated concerns under the First Amendment as set forth by the First Circuit in Ackerly Communications of Massachusetts v. City of Cambridge, 88 F.3d 33 (1st Cir. 1996). The letter also argued that the RIDOT distinction involved the State in content-based analysis and disadvantaged non-commercial speech, which is typically not "on-premises" speech.

17. Three more letters from plaintiff's counsel to RIDOT counsel, in September and October, 2005, raised additional legal issues and explored resolution short of litigation. The plaintiff and RIDOT have agreed to disagree.

18. The Casey Family Services sign remains at this time, but RIDOT's threatened "public nuisance" enforcement action remains pending, subject only to resolution of the issues by the Court. (During several recent weeks a different "off-premises" message was on the sign, but the Casey Family Services sign then resumed).

19. Plaintiff's business depends in part on continued use of the sign for any subject matter, including rental income derived from advertising what the State considers "off-premises" activities. Plaintiff, in addition, seeks to continue his practice of placing political speech and/or a variety of advertising messages about non-profit activities on the sign. In the past, in addition to the Carcieri for Governor sign in 2002, plaintiff has rented the sign space for the Tall Ships (Providence Tourism Council), St. Michael's Ministries, Trinity Repertory Theatre, and the "Rhode Island Treasures" show at the Rhode Island Convention Center, among others.

20. Plaintiff's sign is located in an area zoned industrial by the City of Providence.

## V. Legal Framework: Statutes and Regulations

21. Rhode Island General Laws, Section 24-10.1-1 et seq., regulate the subject of "outdoor advertising." The statute was first enacted in 1966.

22. RIDOT has promulgated "Rules and Regulations" to implement the statute. The current Rules and Regulations (hereafter "RIDOT Rules") were adopted in 2003.

23. Congress enacted 23 U.S.C. Section 131 in 1965 (known as "The Highway Beautification Act"). The Act encourages but does not require the states to adopt certain federal standards. The inducement is a 10% reduction in federal highway funds apportioned under 23 U.S.C. Sec. 104 in the event a state does not comply.

24. Rhode Island General Laws, Section 24-10.1-3(3) exempts from the statute's proscriptions a sign "advertising activities conducted on the property upon which they are located."

25. RIDOT Rules, Section IV, exempts signs advertising activities conducted on the property upon which they are located, subject to other restrictions contained in Section VII ("On Premises Signs") of the Rules.

26. RIDOT Rules, VII (c)(1) and (2), include guidelines on how to determine whether a sign is advertising "on premises" activities. For example, a sign which is deemed to advertise both on-premises and off-premises activities is not an on-premises sign.

27. Rhode Island General Laws Section 24-10.1-7 declares nonconforming signs to be a public nuisance, and Section 24-10.1-8 sets a "fine" of not more than $500.00 "upon conviction."

28. RIDOT Rules, Section IV(D) exempts signs located in areas zoned commercial or industrial under authority of law as of December 21, 1959.

## VI. Legal Claims

29. Plaintiff incorporates the allegations of paragraphs 1-28 of this Complaint.

### A. The statute and rule are content-based

30. By relying on the distinction between on-premises and off-premises messages, the statute and regulation contravene plaintiff's First Amendment right to be free from content-based regulation of his speech, by the government, giving rise to this cause of action under 42 U.S.C. Section 1983.

**B. The statute and rule disadvantage non-commercial speech**

31. Non-commercial, including political, speech stand at the apex of speech protected by the First Amendment.

32. By relying on the on-premises/off-premises distinction, the statute and rule disadvantage non-commercial and political speech, which would generally fall in the off-premises category, more severely than they impact commercial speech. In order to comply with RIDOT's demand, plaintiff would have to avoid all speech except on-premises speech, which would be commercial.

33. The disadvantaging of non-commercial and political speech contravenes plaintiff's rights under the First Amendment, giving rise to this cause of action under 42 U.S.C. Section 1983.

**C. Unbridled Discretion**

34. RIDOT has been inconsistent and arbitrary in its application and enforcement of the Rules, both as to plaintiff and as to others. For example, the Carcieri for Governor sign was not an "on-premises" sign, but no action was taken. Other "signs" (as defined in the RIDOT Rules, Section III (BB)), exist without apparent compliance with the Rules and with arbitrary and inconsistent enforcement.

35. The statue and rule grant state officials the power to analyze a sign's content, including ambiguous issues of "relatedness" to the activities on premises, and to exercise unguided discretion in granting exemptions and grandfathering protection, without adequate constraints, in contravention of plaintiff's right under the First Amendment to be free from the exercise of unbridled

discretion by government officials in regulating his speech. This defect gives rise to his cause of action under 42 U.S.C. Section 1983.

**D. The State's Determination in this case is contrary to due process protections**

36. RIDOT has declared that plaintiff's sign is unlawful and a public nuisance. Plaintiff was not "charged" with an offense and no hearing was held or offered, to determine whether there would be a "conviction" under Rhode Island General Laws Section 24-10.1-8. The very first letter (7-7-05) announced the determination and a sanction - removal of the sign. It thanked plaintiff for his anticipated cooperation. It contained no notice of a right to dispute the determination or a right to a hearing. A few days later, the State "declared" the sign to be a public nuisance.

37. Even under the existing RIDOT Rules, an alleged offender could seek to establish a factual defense based on (a) the on-site/off-site factual distinction, (b) the commercial or industrial zoning exemption, or (c) the grandfathering provisions.

38. RIDOT does not provide notice that any procedural mechanism for any objections or defenses is available.

39. RIDOT's lack of any notice of a mechanism for a defense or hearing, prior to the RIDOT "determination", violates plaintiff's rights to procedural due process as guaranteed by the Fifth and Fourteenth Amendments, giving rise to plaintiff's cause of action under 42 U.S.C. Section 1983.

**E. The Grandfathering Provision in the RIDOT Rules Violates the First Amendment**

40. The RIDOT Rules, Section VI (c), allows that non-conforming signs may continue to be maintained if they are located in "zoned and unzoned commercial and industrial areas and were legally erected in accordance with laws and regulations in effect at the time of their erection." Such signs are classified as "grandfathered nonconforming."

41. Such grandfathered signs may be sold or transferred but may not be moved. Section VIII A.

42. The state reserves the right to declare a grandfathered sign to be "terminated" based upon the content on the sign. Section VIII C (1).

43. The grandfathering provision grants certain rights to continued or future speech based upon past speech, an impermissible criterion under the First Amendment.

44. Plaintiff's right under the First Amendment to have the same present and future rights of free expression as all others, regardless of government criteria based upon past speech, is infringed by the "grandfathered nonconforming" policy of RIDOT, giving rise to this cause of action pursuant to 42 U.S.C. Section 1983.

**Wherefore,** plaintiff request that this Court :

1) Assume jurisdiction over this matter;

2) Grant permanent injunctive relief (and preliminary relief if needed), enjoining defendant from enforcing the Rules, or Section 24-10.1-3 et seq., including Section 24-10.1-7, as they relate to the on-premises/off-premises content distinction, and enjoining defendant to permit plaintiff to enjoy the continued use of his existing sign without regard to the advertised activity or message;

3) Declare the Rules and Section 24-10.1-3 et seq. to be violative of the First Amendment to the extent that they;

   a) distinguish between on-premises and off-premises activities advertised on a sign to determine lawfulness of the sign;

   b) disproportionately disadvantage non-commercial and political speech, which is far more likely to be considered "off-premises" speech;

   c) grant unbridled discretion to state officials to make determinations regarding the lawfulness of the contents of signs.

   d) grant future speech rights based upon past speech under "grandfathered non conforming" exception

   e) as applied by Department of Transportation, are arbitrary and selective in allowing certain speech and disallowing other speech

4) Declare Sction 24-10.1-7 and the Rules to be violative of due process guarantees in that no notice is given of any opportunity to contest RIDOT's determination or to have a hearing prior to a sanction being imposed.

5) Grant to plaintiff his costs, reasonable attorney's fees pursuant to 42 U.S.C. Section 1988, and such other relief as this Court deems just or necessary.

Plaintiff
Anthony Joseph Vono
d/b/a Specialty Promotions
By his Attorney:

John W. Dineen, Esq. #2346
Cooperating Attorney
R.I. Affiliate, American
Civil Liberties Union
121 South Main Street
Providence, RI 02903
Tel. (401)331-3550
Fax (401)331-9267