**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Anthony Joseph Veno d/b/a Specialty Promotions, Plaintiff** | : | |
| **VS.** | : | **C A. No. 05-485 S** |
| **James R. Capaldi, Individually and in his official capacity as Director, State of Rhode Island Department of Transportation, Defendant** | : | |

**MOTION TO DISMISS**

Now comes the Defendant and moves this Court for an Order dismissing the Plaintiff's Complaint. As grounds therefore, Defendant would show that Plaintiff has failed to name as a party the United States of America, a necessary and indispensable party to this action. A memorandum and exhibits in support hereof are attached.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL

By his attorney,

Rebecca Tedford Partington (#3890)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303

Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel.: (401) 274-4400 ext. 2380
Fax: (401) 222-2995

John Igliozzi (#4508)
Senior Legal Counsel
RI Department of Transportation
Two Capitol Hill
Providence, RI 02908
Tel.: (401) 222-6510
Fax: (401) 222-4226

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within Motion to Dismiss was mailed, postage prepaid, on this 20th day of January, 2006 to:

John W. Dineen, Esq.
121 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Anthony Joseph Veno d/b/a Specialty Promotions, Plaintiff** | : | |
| **v.** | : | **C A. No. 05-485 S** |
| **James R. Capaldi, Individually and in his official capacity as Director, State of Rhode Island Department of Transportation, Defendant** | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**Background**

Plaintiff has filed an action challenging, on First Amendment grounds, R.I. Gen. Laws § 24-10.1-3 et. seq. See Plaintiff's Complaint, Prayer for Relief, ¶ 2. Specifically, Plaintiff challenges the restriction placed on "on-site" advertising by the statute, R.I. Gen. Laws § 24-10.1-3(3). The basis for the instant motion is the fact that the statute and the Rules of the Department of Transportation implementing the law were passed pursuant to a 1965 Act of Congress, and that any declaration of this Court would of necessity have an impact on the constitutionality of the federal law. Further, the State of Rhode Island has an Agreement with the federal government that would be nullified by any ruling of unconstitutionality in this case. (Exhibit A). The federal government is therefore an indispensable and necessary party to this action. Failure to name it as a party is a ground for immediate dismissal of the action.

**Argument**

In 1965, the federal "Highway Beautification" Act, also known as the Ladybird Johnson Act, was enacted by Congress. 23 U.S.C. § 131 promotes the "safety, convenience, and

enjoyment of public travel," by, among other things, strictly regulating outdoor highway signs. To this end, many billboards are prohibited, but "on-premise" signs are allowed, as long as they advertise 1) the sale or lease of the real property where the sign is located; or 2) activities being conducted upon the real property where the signs are located.

One year after Congress enacted the Highway Beautification Act, the Rhode Island General Assembly promulgated Chapter 10.1 of Title 24, entitled "Outdoor Advertising." Even a cursory review of R.I. Gen. Laws § 24-10.1-1 et. seq., finds that Rhode Island's "Outdoor Advertising" law is inextricably intertwined with the federal Highway Beautification Act of 1965.

For instance, R.I. Gen. Laws § 24-10.1-1 declares it the "intention of the general assembly in this chapter to provide a statutory basis for regulation of outdoor advertising consistent with the public policy relating to areas adjacent to the interstate and primary highway systems as declared by congress in title 23 of the United States Code, Highways." (Emphasis added). Other sections of Rhode Island's "Outdoor Advertising" law limit outdoor advertising and expressly reference and incorporate the Highway Beautification Act of 1965. See R.I. Gen. Laws § 24-10.1-3(2)(prohibiting outdoor advertising except "[s]igns, displays, and devices advertising the sale or lease of property upon which they are located, subject, however, to the national standards as promulgated pursuant to the federal Highway Beautification Act of 1965"); and R.I. Gen. Laws § 24-10.1-3(3)(prohibiting outdoor advertising except "[s]igns, displays, and devices advertising activities conducted on the property upon which they are located, subject, however, to the national standards as promulgated pursuant to the federal Highway Beautification Act of 1965"). (Emphases added). In addition to these foregoing statutory provisions, the State's Outdoor Advertising law also authorizes the Director of the Rhode Island Department of Transportation to promulgate regulations governing the issuance of permits for

erection and maintenance of outdoor advertising, which must be, inter alia, "consistent with the national standards promulgated by the secretary of commerce pursuant to title 23, United States Code." R.I. Gen. Laws § 24-10.1-4 (emphasis added). Lastly, the Outdoor Advertising law permits the Director of the Rhode Island Department of Transportation to enter into agreements with the Secretary of Commerce "as provided by title 23, United States Code, relating to the control of outdoor advertising in areas adjacent to the interstate and primary systems." R.I. Gen. Laws § 24-10.1-11 (emphasis added).

Based upon the forgoing, it is clear that the state's "Outdoor Advertising" law is inextricably intertwined with the Highway Beautification Act of 1965. Even Plaintiff's complaint acknowledges and references the Highway Beautification Act of 1965. See Plaintiff's Complaint, ¶ 23. Therefore, reading Plaintiff's complaint, a declaration that the "Outdoor Advertising" statute is unconstitutional would still leave the Plaintiff vulnerable to enforcement of the Highway Beautification Act of 1965 by the federal government, thus rendering incomplete relief. Further, any declaration that the regulation of on-premise signs is unconstitutional necessarily calls into question the Highway Beautification Act of 1965. See R.I. Gen. Laws § 24-10.1-4 ("The director of transportation is hereby authorized to promulgate regulations governing the issuance of permits for the erection and maintenance of outdoor advertising . . . consistent with the national standards promulgated by the secretary of commerce pursuant to title 23, United States Code").

The question whether the United States is an indispensable party is a two-part inquiry. See United States v. San Jan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001). First, the party must be necessary under Rule 19(a), then it must be indispensable under Rule 19(b). Federal Rule of Civil Procedure 19(a) provides:

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconstant obligations by reason of the claimed interest.

Here, without the United States as a party, complete relief cannot be accorded, and as a practical matter, would subject this Plaintiff, or future Plaintiffs, to inconsistent judicial decisions when/if the constitutionality of the Highway Beautification Act of 1965 is challenged. At the very least, even if the "Outdoor Advertising" law is declared unconstitutional in this action, Plaintiff would still be required to comply with the Highway Beautification Act of 1965.

Furthermore, pursuant to the Highway Beautification Act of 1965, the State of Rhode Island entered into agreements with the federal government in 1967 and 1972 providing that in exchange for implementing the terms of the federal Act, the State of Rhode Island would receive federal funding. (Exhibit A). While obviously the State has an interest in receiving federal funding, as evidenced by the agreement providing federal funds to states in compliance with the Highway Beautification Act of 1965, the United States also has a substantial interest and rights in seeing that the State of Rhode Island satisfied the goals of the Highway Beautification Act of 1965. See Central Tools, Inc. v. Mitutoyo Corporation, 381 F.Supp.2d 71, 77 (D.R.I. 2005)(finding a necessary party because it retains substantial rights in a patent that would be impaired if the patent were determined invalid). This agreement would be nullified, and the State's federal highway funds placed in jeopardy, if this Court were to declare the state statute

unconstitutional. The federal government, being a party to that agreement, surely is a necessary party to this action. Id.[1]

Having concluded that the United States is a necessary party, the analysis turns to "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." See Fed. R. Civ. P. 19(b). Rule 19(b) sets out four factors for this Court to consider:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measurers, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Id. See also Central Tools, 381 F.Supp. at 79.

As detailed above, a judgment without the presence of the United States would prejudice both the United States and the State of Rhode Island as both are parties to an agreement made pursuant to the Outdoor Advertising law and made subject to (and consistent with) the Highway Beautification Act of 1965. Further, a judgment without the United States as a party will leave this Plaintiff, and future Plaintiffs, in a position where their actions are likely to violate the Highway Beautification Act of 1965, and therefore, allows for the possibility of inconsistent

[1] Local Rule 27 requires that "[w]henever the constitutionality of any Act of Congress affecting the public interest is or is intended to be drawn in question in any suit or proceeding to which the United States or any agency, officer, or employee thereof is not a party, the party raising or intending to raise such constitutional question shall immediately advise the court in writing of the existence of said question, in the manner provided by Rule 11 (c) of these Rules, including a statement indicating the Act of Congress which is questioned and the place in the pleading or other paper which the question is raised. The clerk shall notify in writing the United States Attorney of such challenge." (Emphasis added). There is no evidence that Plaintiff has complied with Local Rule 27, and moreover, Local Rule 27 supports the State's position that the United States is a necessary party in this action.

decisions regarding the same subject matter. Instead, this action should be dismissed without prejudice to the Plaintiff adding the United States as an indispensable and necessary party.

**Conclusion**

For the reasons set forth above, the Defendant prays that the instant Motion to Dismiss be granted.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL

By his attorney,

Rebecca Tedford Partington (#3890)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303

Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel.: (401) 274-4400 ext. 2380
Fax: (401) 222-2995

John Igliozzi (#4508)
Senior Legal Counsel
RI Department of Transportation
Two Capitol Hill
Providence, RI 02908
Tel.: (401) 222-6510
Fax: (401) 222-4226

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within Memorandum was mailed, postage prepaid, on this 20th day of January, 2006 to:

John W. Dineen, Esq.
121 South Main Street
Providence, RI 02903

Melissa S. DiLorenzo