**United States District Court**
**For The District Of Rhode Island**

| | | |
|---|---|---|
| **Anthony Joseph Veno d/b/a Specialty Promotions, Plaintiff** | : | |
| **VS.** | : | **C A. No. 05-485 S** |
| **James R. Capaldi, Individually and in his official capacity as Director, State of Rhode Island Department of Transportation, Defendant** | : | |

**ANSWER**

Now comes Defendant, James R. Capaldi, individually and in his official capacity as Director, State of Rhode Island Department of Transportation (hereafter "Defendant"), in answer to Plaintiff Complaint states as follows:

**I. Introduction**

1. Defendant admits that this civil action is brought by an individual using an advertising sign located on the roof of 101 Poe Street, Providence, Rhode Island. Any and all remaining allegations contained within Paragraph 1 are denied.

**II. Parties**

2. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 2; therefore, each and every allegation in Paragraph 2 is denied.

3. Defendant admits Paragraph 3.

### III. Jurisdiction

4. Defendant responds that the allegations contained within Paragraph 4 state a legal conclusion that do not require a response. If a response is required, the allegations are denied.

5. Defendant responds that the allegations contained within Paragraph 5 state a legal conclusion that do not require a response. If a response is required, the allegations are denied.

### IV. Factual Background

6. Defendant admits that the real property located at 101 Poe Street is owned by Stephen T. Haun, Haun Properties, LLC and that there is currently an outdoor advertising sign located at the site. Defendant has no knowledge or information upon which to admit or deny the remaining allegations in Paragraph 6; therefore, each and every remaining allegation in Paragraph 6 is denied.

7. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 7; therefore, each and every allegation in Paragraph 7 is denied.

8. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 8; therefore, each and every allegation in Paragraph 8 is denied.

9. Defendant admits that the sign is "clearly visible" from the northbound lanes of I-95. Any and all additional allegations, Defendant has no knowledge or information upon which to admit or deny the remaining

allegations in Paragraph 9; therefore, each and every remaining allegation in Paragraph 9 is denied.

10. Defendant admits that a July 7, 2005 letter was sent to Haun Properties, LLC and copied to Joseph Vono. The content of that letter speaks for itself.

11. Defendant admits that a July 13, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself.

12. Defendant responds that this Paragraph is unclear as to the time frame and manner of any purported response, and therefore, Defendant responds he has no knowledge or information upon which to admit or deny the allegations in Paragraph 12; therefore, each and every allegation in Paragraph 12 is denied.

13. Defendant admits that an August 16, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

14. Defendant admits that an August 22, 2005 letter was sent by Joseph Vono to legal counsel for the Department of Transportation. The content of that letter speaks for itself.

15. Defendant admits that a September 2, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself.

16. Defendant denies the allegations contained within Paragraph 16.

17. Defendant responds that any letters received from Plaintiff's counsel speak for themselves, and therefore, deny any and all characterizations or allegations contained within Paragraph 17.

18. Defendant denies any and all allegations within Paragraph 18.

19. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 19; therefore, each and every allegation in Paragraph 19 is denied.

20. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 20; therefore, each and every allegation in Paragraph 20 is denied.

**V. Legal Framework: Statues and Regulations**

21. Defendant admits Paragraph 21.

22. Defendant admits Paragraph 22.

23. Defendant responds that Paragraph 23 seeks a legal interpretation and that 23 U.S.C. § 131 speaks for itself.

24. Defendant responds that R.I. Gen. Laws § 24-10.1-3(3) speaks for itself.

25. Defendant responds that Rules and Regulation, Section IV, speaks for itself.

26. Defendant responds that Rules and Regulation, Section VII (c)(1) and (c)(2) speak for themselves.

27. Defendant responds that R.I. Gen. Laws § 24-10.1-7 and § 27-10.1-8 speak for themselves.

28. Defendant responds that Rules and Regulation, Section IV (D) speaks for itself and expressly denies that Paragraph 28 represents a complete and accurate representation of Section IV (D). Defendant denies Paragraph 28.

## VI. Legal Claims

29. Defendant realleges and incorporates the answers contained in Paragraphs 1-28 as if fully set forth herein.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant responds that any correspondence speaks for itself, and therefore, denies any and all allegations or characterizations contained within Paragraph 36.

37. Defendant responds that the Rules and Regulations speak for themselves, and therefore, deny any and all allegations or characterizations contained within Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant responds that Rules and Regulations, Section VI (C) speaks for itself.

41. Defendant responds that Rules and Regulations, Section VIII(A) speaks for itself.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43

44. Defendant denies the allegations in Paragraph 44.

WHEREFORE, Defendant prays that this Honorable Court deny and dismiss the instant complaint, and that costs and fees be awarded this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant, as an officer of the State of Rhode Island, is entitled to all immunities which are enjoyed by the sovereign.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to maintain an action against this Defendant insofar as the legislation at issue enjoys the presumption of validity and, in fact, was duly enacted and is not violative of any provisions of the Federal or State constitutions.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to a presumption that they will act at all times with good faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is intentionally in violation of the statute and enters this Court with unclean hands.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL

By his attorney,

Rebecca Tedford Partington (#3890)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303

Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel.: (401) 274-4400 ext. 2380
Fax: (401) 222-2995

John Igliozzi (#4508)
Senior Legal Counsel
RI Department of Transportation
Two Capitol Hill
Providence, RI 02908
Tel.: (401) 222-6510
Fax: (401) 222-4226

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the within Answer mailed, postage prepaid, on this 20th day of March, 2006 to:

John W. Dineen, Esq.
121 South Main Street
Providence, RI 02903