FAX 223-2399

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY JOSEPH VONO,**<br>**d/b/a SPECIALTY PROMOTIONS,**<br>**Plaintiff** | } | |
| **v.** | } | **C.A. NO. 05-485 S** |
| **JAMES R. CAPALDI,**<br>**individually and in his official capacity as Director, State of Rhode Island Department of Transportation,**<br>**Defendant** | } | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OBJECTION**
**TO MOTION TO DISMISS**

Plaintiff has objected to the motion to dismiss filed by defendant on November 1, 2006, relating to discovery issues.

Previously this Court had a September 26 discovery closure date and then extended that date by sixty days (November 27, 2006), with corresponding extensions on dispositive motions.

Plaintiff is delivering this date, November 17, to the office of the Attorney General, answers to interrogatories as well as documents requested by defendant. (The parties agreed that canceled checks or other records of plaintiff's actual income received from renting his sign are not needed at this time, with defendant reserving the right to request such records if necessary in the future).

Plaintiff, on November 16, notified counsel for defendant that he would be available to be deposed, as needed, during the week of November 20, or November 27, and, alternatively, would agree to extend the discovery deadline if the period through November 27 is not possible for defendant's counsel.

There is an additional reason for the Court and the parties to reconsider the schedule, and current posture of this case. Rhode Island Department of Transportation has now issued proposed new Outdoor Advertising Rules and Regulations, to take effect January 1, 2007. A public hearing, and comment period, has already occurred. The new Rules and Regulations include significant variations from, and additions to, the wording of the current rules, including on the subject of on-site/off-site advertising.

Plaintiff's review of the new Rules and Regulations leads him to conclude that First Amendment issues are not moot. However, the complaint in this case, as currently in effect, makes repeated references to the current rules. Even the numbering of the relevant rules will change. On the current schedule, the parties would be briefing, and the Court considering, regulations and citations to rules that may no longer exist, at least in the form described in the pleadings and upcoming briefs. Discovery may be needed in relation to the implementation process, and administrative interpretation, of the new rules.

## CONCLUSION

For all of the above reasons, the defendant's motion to dismiss should be denied, and plaintiff respectfully suggests that a conference with the Court, regarding the scheduling impact of the new regulations, would be appropriate.

Plaintiff
By his Attorney:

/s/ John W. Dineen_____
John W. Dineen, Esq. #2346
Cooperating Attorney
R.I. Affiliate, American
Civil Liberties Union
305 South Main Street
Providence, RI 02903
Tel. (401)223-2397
Fax (401)223-2399

**CERTIFICATION**

I hereby certify that on the 17th day of November, 2006, I served a copy of the within electronically on: **Rebecca T. Partington, Esq., Department of the Attorney General,** and also sent by U.S. mail on the same day to**; John Igliozzi, Esq., R.I. Department of Transportation, Two Capitol Hill, Providence, RI 02908.**

/s/ John W. Dineen_____
John W. Dineen