**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Anthony Joseph Vono** | : | |
| **d/b/a Specialty Promotions,** | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **C A. No. 05-485 S** |
| | : | |
| **James R. Capaldi, Individually and in** | : | |
| **his official capacity as Director,** | : | |
| **State of Rhode Island Department of** | : | |
| **Transportation,** | : | |
| **Defendant** | : | |

## ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT

Now comes the Defendant and answers Plaintiff's Amended and Supplemental Complaint as follows:

## I. Introduction

1. Defendant admits the factual allegations contained in the first two sentences of Paragraph 1. The remaining sentence contains legal conclusions, which are denied.

1.1 The contents of Paragraph 1.1 are introductory in nature and call for no response by this Defendant.

## II. Parties

2. Defendant has no knowledge or information upon which to admit or deny the allegations in Paragraph 2; therefore, each and every allegation in Paragraph 2 is denied.

3. James R. Capaldi is no longer Director of the State of Rhode Island, Department of Transportation. The remaining allegations of Paragraph 3 are admitted.

3.1 Admitted.

## III. Jurisdiction

4. Paragraph 4 contains legal conclusions to which no response is required. If a response is deemed required, paragraph 4 is denied.

5. Paragraph 5 contains legal conclusions to which no response is required. If a response is deemed required, paragraph 5 is denied.

## IV. Factual Background

6. Admitted.

7. The allegations contained in the first sentence are admitted. The defendant is without knowledge or information upon which to admit or deny the remaining allegations in Paragraph 7 and on that ground denies those allegations.

8. The allegations contained in the first sentence are admitted. The defendant is without knowledge or info upon which to deny the remaining allegations in Paragraph 8 and on that ground denies those allegations.

9. Admitted.

10. Defendant admits that a July 7, 2005 letter was sent to Haun Properties, LLC and copied to Joseph Vono. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

11. Defendant admits that a July 13, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

12. Defendant responds that this Paragraph is unclear as to the time frame and manner of any purported response, and therefore, Defendant responds he has no knowledge or information upon which to admit or deny the allegations in Paragraph 12; therefore, each and every allegation in Paragraph 12 is denied.

13. Defendant admits that an August 16, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

14. Defendant admits that an August 22, 2005 letter was sent by Joseph Vono to legal counsel for the Department of Transportation. The content of that letter speaks for itself,

and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

15. Defendant admits that a September 2, 2005 letter was sent to Joseph Vono. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

16. Defendant admits that an August 22, 2005 letter was sent by John Dineen on behalf of Joseph Vono to legal counsel for the Department of Transportation. The content of that letter speaks for itself, and therefore, any remaining allegations or characterizations of the August 16, 2005 letter are denied.

17. It is admitted that the correspondence was received by DOT. Those letters speak for themselves, and any remaining allegations or characterizations of the letters are denied. The DOT denies the final sentence of paragraph 17.

18. This paragraph has apparently been superceded by Paragraph 18.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

18.1 Admitted, although any action by Department of Transportation has been voluntarily stayed.

19. It is admitted that Plaintiff seeks to continue doing business as described, and that he has rented the sign space to those listed in Paragraph 19, among others. Defendant is without knowledge as to the allegations in the remainder of this Paragraph and therefore any remaining allegations are denied.

20. Admitted.

## V. Legal Framework: Statutes and Regulations

21. Defendant admits Paragraph 21.

22. Admitted that RIDOT promulgated Rules and Regulations pursuant to statute. The remainder of this paragraph has apparently been superceded by Paragraph 22.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

22.1 Admitted only that in 2007 new Rules and Regulations were promulgated.

23. Defendant responds that Paragraph 23 seeks a legal interpretation and that 23 U.S.C. § 131 speaks for itself.

24. Defendant responds that R.I. Gen. Laws § 24-10.1-3(3) speaks for itself.

25. This paragraph has apparently been superceded by Paragraph 25.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

25.1 The Rules and Regulations speak for themselves and any remaining allegations or characterizations of the Rules and Regulations are denied.

26. The bracketed portion of this paragraph has apparently been superceded by Paragraph 26.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein. The last sentence contains a legal conclusion, which is denied.

26.1 The Rules and Regulations speak for themselves and any remaining allegations or characterizations of the Rules and Regulations are denied.

27. Defendant responds that R.I. Gen. Laws § 24-10.1-7 and § 27-10.1-8 speak for themselves.

28. This paragraph has apparently been superceded by Paragraph 28.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

28.1 The Rules and Regulations speak for themselves and any remaining allegations or characterizations of the Rules and Regulations are denied.

## VI. Legal Chains

29. Defendant realleges and incorporates the answers contained in Paragraphs 1-28 as if fully set forth herein.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

34.1 Denied.

35. This paragraph has apparently been superceded by Paragraph 35.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

35.1 Defendant denies the allegation contained in Paragraph 35.1.

36. Defendant responds that any correspondence speaks for itself, and therefore, denies any and all allegations or characterizations contained within Paragraph 36.

37. Defendant responds that the Rules and Regulations speak for themselves, and therefore, deny any and all allegations or characterizations contained within Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

38.1 Defendant responds that the Rules and Regulations speak for themselves, and therefore, deny any and all allegations or characterizations contained within Paragraph 38.1.

39. Defendant denies the allegations in Paragraph 39.

40. This paragraph has apparently been superceded by Paragraph 40.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

40.1 The Rules and Regulations speak for themselves. Defendant denies the allegations in the second and the last sentence of Paragraph 40.1.

41. This paragraph has apparently been superceded by Paragraph 41.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

41.1 The Rules and Regulations speak for themselves and therefore Defendant denies

42. This paragraph has apparently been superceded by Paragraph 42.1 and therefore no response is required. If that is not the case, the response in Defendant's original Answer is incorporated herein.

42.1 The Rules and Regulations speak for themselves, and any remaining allegations or characterizations of the Rules and Regulations are denied

43. Defendant denies the allegations in Paragraph 43

44. Defendant denies the allegations in Paragraph 44.

44.1 The Rules and Regulations speak for themselves, and any remaining allegations or characterizations of the Rules and Regulations are denied.

44.2 Denied.

44.3 The allegations are speculative, and Defendant cannot formulate a response. If a response is deemed required the allegations are denied.

44.4 Denied.

WHEREFORE, Defendant prays that this Honorable Court deny and dismiss the instant complaint including the "Wherefore" prayer for relief beginning on page 13, and that costs and fees be awarded this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant, as an officer of the State of Rhode Island, is entitled to all immunities which are enjoyed by the sovereign.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to maintain an action against this Defendant insofar as the legislation at issue enjoys the presumption of validity and, in fact, was duly enacted and is not violative of any provisions of the Federal or State constitutions.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to a presumption that he will act at all times with good faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is intentionally in violation of the statute and enters this Court with unclean hands.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL

By his attorney,

*/s/ Rebecca Tedford Partington*
*/s/ Michael W. Field*

Rebecca Tedford Partington (#3890)
Assistant Attorney General
Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303
rpartington@riag.ri.gov
mfield@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I caused a copy of the within Answer to Amended Complaint to be electronically sent on this 14th day of May, 2007 to:

John W. Dineen, Esq.
jwdineen1@yahoo.com

*/s/ Rebecca Tedford Partington*