**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Anthony Joseph Vono** | : | |
| **d/b/a Specialty Promotions,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C A. No. 05-485 S** |
| | : | |
| **James R. Capaldi, Individually and in** | : | |
| **his official capacity as Director,** | : | |
| **State of Rhode Island Department of** | : | |
| **Transportation,** | : | |
| **Defendant** | : | |

**DEFENDANTS' INITIAL MEMORANDUM**[1]

**Summary**

Plaintiff, Anthony Vono brought this action against the Director of the Department of Transportation for the State of Rhode Island, alleging that the Department's outdoor advertising rules and regulations were unconstitutional. In his "as applied" challenge, Vono argues that the Department's Order that he cease using his billboard for the advertising of off premise activities violated his First Amendment rights to free speech. It is the Department's position that Vono is merely renting space to others and is not engaged in any free speech activities protected by the United States Constitution and therefore lacks standing. The individuals whose free speech rights may, hypothetically, be implicated are not parties to this lawsuit and therefore judgment

[1] This matter is being presented to the Court on Statements of Fact and Memoranda of Law submitted by both parties.

should enter in the State's favor. If the Court wishes to delve further, the State still wins, since the regulations and statute at issue are clearly constitutionally permissible "time, place and manner" restrictions, and a valid exercise of the State's police power.

**<u>Statutory and Regulatory Framework</u>**

The Rhode Island Department of Transportation regulates outdoor advertising pursuant to the dictates of both federal and state governments. See, p. 1 "RIDOT Outdoor Advertising Rules and Regulations".[2] Although the Regulations were recently amended, the State's regulation of outdoor advertising dates back to 1966, when Title 24 of the Rhode Island General Laws was adopted. The stated purpose of the regulation of outdoor advertising is found in R.I. Gen. Laws § 24-10.1-1:

> In order to prevent unreasonable distraction of operators of motor vehicles, to prevent confusion with respect to compliance with traffic lights, signs, signals and regulations, to promote the safety, convenience, and enjoyment of travel upon highways within this State and to protect the public investment therein, to preserve and enhance the natural scenic beauty or aesthetic features of the highways and adjacent areas, and in the general welfare of the people of this State, the General Assembly declares it to be the policy of this State that the erection and maintenance of outdoor advertising in areas adjacent to the rights-of-way of the interstate, primary, secondary road systems within the State shall be regulated in accordance with the terms of this chapter and the regulations promulgated by the Director of Transportation pursuant thereto and finds that all outdoor advertising which does not conform to the requirements of this chapter is a public nuisance.

In a nutshell, the State regulates billboards in order to promote public safety and enjoyment.

[2] Relevant sections of the Rules and Regulations are found in the Addendum to this Memorandum. The entire eighty-eight (88) page compilation of the Rules and Regulations can be viewed at http://www.dot.state.ri.us/publications/outdooradvfinal.pdf

Additionally, and not insignificantly, the State law was passed in order to ensure that the State would receive funding from the federal highway administration. In the Federal Highway Beautification Act, 23 U.S.C. § 131, Congress expressed its intention that the erection and maintenance of outdoor advertising signs, displays and devices in areas adjacent to the interstate system and the primary system should be controlled in order to "protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty." The State of Rhode Island stands to lose ten percent of its federal funding if it does not have a plan for effectively controlling outdoor advertising signs. 23 U.S.C. § 131(b).

The Federal Act requires that billboards along highways located beyond 660 feet of the right-of-way, located outside of urban areas, visible from the main travel way of the system, and erected with the purpose of their message being read from such main travel away are limited to 1) directional and official signs and notices included signs pertaining to natural wonders, and scenic and historical attractions which are required or authorized by law, 2) signs advertising the sale or lease of property upon which they are located, 3) signs advertising activities conducted on the property on which they are located, and 4) signs lawfully in existence on October 22, 1965, determined by the State to be landmark signs, including signs on farm structures or natural surfaces of historic or artistic significance, the preservation of which would be consistent with the purposes of this section. Provision is also made in the Federal Act for signs containing specific information in the interest of the traveling public, maps, information and advertising pamphlets at safety rest areas, and directional signs not in compliance with the Act which provide directional information about goods and services in the interest of the traveling public,

and are such that removal would work a substantial hardship in a defined area. The Federal Act requires the States to enact their own laws, or suffer a loss of federal highway funding up to ten percent.

**Standard of Review**

"All laws regularly enacted by the Legislature are presumed to be constitutional and valid." City of Pawtucket v. Sundlun, 662 A.2d 40, 45 (R.I. 1995). It is well settled that this Court should "approach constitutional questions with great deliberation, exercising [its] power in this respect with the greatest possible caution." DEPCO v. Brown, 659 A.2d 95 (R.I. 1995). It is incumbent upon the Court to give effect, if possible, to a State statute. United Nuclear Corp. v. Cannon, 553 F.Supp.1220 (D.R.I. 1982). Accordingly, a Court must "make every reasonable intendment in favor of the constitutionality of the legislative act." City of Pawtucket, 662 A.2d at 45. These maxims are an outgrowth of the understanding and respect given by one branch of government to the other—the wisdom or necessity of a law is for the legislature to determine, and not for the Court. F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993).

In reviewing the constitutionality of enacted statutes, the Rhode Island Supreme Court has noted that "[b]ecause of the broad plenary power of the general assembly, [the] evaluation of legislative enactments has been extremely differential; moreover, [courts have] interfered with such enactments only when the legislation at issue could be palpably and unmistakably characterized as an excess of legislative power." Kennedy v. State, 654 A.2d 708 at 711 (R.I. 1995). Courts "will not invalidate a legislative enactment unless the party challenging the enactment can prove beyond a reasonable doubt . . . that the statute in question is repugnant to a provision in the Constitution." City of Pawtucket, 662 A.2d at 45 (emphasis in original). A party challenging the constitutionality of a statute must satisfy the heightened burden of proving

beyond a reasonable doubt that the statute in question is unconstitutional to obtain a ruling in its favor. Gorham v. Robinson, 57 R.I. 1 at 7, 186 A. 832 (R.I. 1936) at 837. Vono will be unable to do so, for the reasons set forth below.

**Argument**

A. Vono's First Amendment Claims Must Fail, Since He Is Not Engaged In Any Activity Protected By The United States Constitution.

Before the court reaches the questions of constitutional significance in this case, Vono must prove that he is engaged in activity worthy of constitutional protection. It is at this initial juncture that his claim falls apart. He has not engaged in any free speech activities, rather, he is selling space for a price. The speech contained on his billboard is not his, rather, he agrees to create a sign and hang it for a period of time in exchange for payment. He is akin to the lessor of the theater where a patron wishes to yell "fire".

The Court should enter judgment for the State, since Vono's constitutional rights are not implicated by the restriction on off-premise advertising. His sign can be moved, and can be placed anywhere. He moved it to within feet of Interstate 95 long after the passage of both state and federal laws.

A review of the Eighth Circuit's decision in Advantage Media, LLC v. City of Eden Prairie, 456 F.3d 793 (8th Cir. 2006) is helpful at this point. The plaintiff there, like Vono, rented commercial advertising space for profit on billboards, although there was some evidence of willingness to make some space available for nonprofit advertising. There, Plaintiff challenged a city ban on off-premise advertising after several permit applications were denied. The trial court determined that the plaintiff lacked constitutional standing and the Eighth Circuit affirmed. "Since most of the content based restrictions and procedural mechanisms which [plaintiff] claims violate the First Amendment rights of other parties were not factors in the denial of its own

permit application, it cannot show causation with respect to them." Id. at 801. Likewise, unless Vono can show that some speech rights belonging to him have been violated, his First Amendment claims should not even be considered.

B. The Regulations Constitute An Allowable "Time, Place or Manner" Restriction

It cannot be disputed that regulation of billboards along highways is well within the State's police power. See, Suffolk Outdoor Advertising Co., Inc. v. Hulse, 43 N.Y.2d 483, 402 N.Y.S.2d 368, (N.Y. 1977); R.O. Givens, Inc. v. Nags Head, 292 S.E.2d 388 (N.C. 1982); Lamar Advertising of Penn. LLC v. Zoning Hearing Bd. of Deer Lake, 915 A.2d 705 (Pa. Commw.Ct. 2007); Adams Outdoor Advertising, LP v. Zoning Hearing Board of Smithfield Tp., 909 A.2d 469 (Pa. Commw.Ct. 2006); Burns v. Barrett, 561 A.2d 1378 (Conn. 1989); Get Outdoors II, LLC v. City of San Diego, 381 F.Supp.2d 1250 (S.D. Cal. 2005).

One exception to the State's regulation and restriction on outdoor advertising is an allowance for "on premise" advertisements.[3] This exception is subject to the national standards as promulgated pursuant to the Federal Highway Beautification Act of 1965. This exception does not violate the First Amendment, since it is content neutral. As stated in Tarr v. Warner, 60 Fed. Appx. 82, 2003 WL 722166 (9th Cir. 2003), the allowance of only on premise signs is allowable, since they are defined with respect to location alone, not with respect to content. In Wheeler v. Commissioner of Highways, Commonwealth of Kentucky, 822 F.2d 586 (6th Cir. 1987), a similar statutory scheme was upheld against constitutional attack. The Sixth Circuit began by noting that our Supreme Court has recognized that the First Amendment "does not guarantee the right to communicate one's views at all times and places or in any manner." Id. at

[3] The Regulations define "On-Premise Advertising Sign" as "a ***sign*** at a business location advertising a business or businesses that are conducted on the property [the principal activity], or ***signs*** advertising the sale or lease of the property upon which they are located ..." Addendum, p. 4 (italics in original).

589. Expression, whether oral or written, is subject to reasonable time, place and manner restrictions. Such restrictions are valid provided that they are justified without reference to the content of the regulated speech, that they are ordinarily tailored to serve a substantial governmental interest, and they leave open ample alternative channels of communication of the information. Id. at 589 (citations omitted). The allowance of on premise, but not off premise, advertising on highway billboards in Kentucky was thus upheld as a content neutral valid time, place and manner restriction.

In Advantage Media, L.L.C., supra, the Eighth Circuit recognized that a ban on billboards was permissible, since governments have a "weighty, essentially aesthetic interest in proscribing intrusive and unpleasant formats for expression", including some types of signage. "Distracting roadside billboards of the type [plaintiff] sought to erect could also pose real danger to both motorists and nearby pedestrians." Id. at 803 (citation omitted). The Court continued, rejecting the argument that the off premise ban was not content neutral.

In Burns v. Barrett, 561 A.2d 1378 (Conn. 1989), the Supreme Court of Connecticut affirmed injunctive relief in the State's favor, requiring an advertiser to remove off-premise advertising. It does not appear that a standing defense was raised, and the Court proceeded to apply a commercial speech analysis, ultimately finding in the State's favor. The Court even found that a sign expressing support for Vietnam veterans would have to come down, as the regulations were content-neutral.

Other courts have reached similar conclusions: see Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981)(finding distinction between on-premise and off premise advertising constitutionally unremarkable, while finding distinction between commercial and non-commercial speech unconstitutional); Suffolk Outdoor Advertising Co., Inc., supra, (upholding a

similar regulation against constitutional attack as a valid exercise of police power, and because it did not infringe upon free speech); Maurice Callahan & Sons, Inc. v. Outdoor Advertising Bd., (Mass. App. Ct. 1981)(finding ban on off premise advertising was not an unconstitutional restriction of commercial speech); Messer v. City of Douglasville, Ga., 975 F.2d 1505 (11th Cir. 1992)(holding that off-premise ban was content-neutral and thus constitutional); R.O. Givens, Inc. v. Town of Nags Head, supra, (holding that sign ban was permissible exercise of police power and did not violate of First Amendment); Donnelly Advertising Corp. v. City of Baltimore, 370 A.2d 1127 (Md. 1977)(upholding ordinance requiring removal of billboards, since the prohibition was directed only at the secondary effects the billboards had on neighborhood deterioration and not on their content); National Advertising Co. v. City and County of Denver, 912 F.2d 405 (10th Cir. 1990)(upholding identical restriction against constitutional attack); Naegele Outdoor Advertising, Inc. v. City of Durham, 844 F.2d 172 (4th Cir. 1988)(upholding off-premise advertising ban against First Amendment attack); Infinity Outdoor, Inc. v. City of New York, 165 F.Supp.2d 403, (E.D.N.Y. 2001)(upholding ordinance prohibiting off-premise advertising within 200 feet of highways and public parks); Ghaster Properties, Inc. v. Preston, (Ohio 1964)(upholding similar restriction); Outdoor Systems, Inc. v. City of Lenexa, 67 F.Supp.2d 1231 (D.Kan. 1999)(upholding similar restriction based on “the common sense conclusion that billboards are a traffic hazard and impair the beauty of the surrounding area, and related conclusions that prohibiting certain billboards will reduce these harms.”) and Get Outdoors II, LLC v. City of San Diego, 381 F.Supp.2d 1250 (S.D. Cal. 2005)(upholding off-premise ban, holding that the government does not have to present extensive evidence justifying the restriction).

**Conclusion**

This Court should decline Vono's invitation to engage in a constitutional examination of the regulations at issue. He simply lacks the requisite standing to press those claims. If the Court wishes, out of an abundance of caution, to perform a constitutional analysis, the State believes that the regulations will pass muster as a restriction on the "time, place or manner" of communication. The State therefore request that judgment enter in its favor.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL
By his attorney,

*/s/ Rebecca Tedford Partington*
*/s/ Michael W. Field*

Rebecca Tedford Partington (#3890)
Assistant Attorney General
Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303
rpartington@riag.ri.gov
mfield@riag.ri.gov

CERTIFICATION

I, the undersigned, hereby certify that I caused a copy of the within Memorandum to be filed with the United States District Court ECF system and that it is available for viewing and downloading. In addition a copy has been electronically sent via the ECF system on this 3rd day of August 2007 to:

John W. Dineen, Esq.
jwdineen1@yahoo.com

*/s/ Rebecca Tedford Partington*