FAX 223-2399

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY JOSEPH VONO,**<br>**d/b/a SPECIALTY PROMOTIONS,**<br>**Plaintiff** | **}**<br><br>**}** | |
| **v.** | **}** | **C.A. NO. 05-485S** |
| **JEROME F. WILLIAMS,**<br>**individually and in his official capacity as Director, State of Rhode Island Department of Transportation**<br>**Defendant** | **}**<br><br>**}**<br>**}** | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

1. This civil action is brought by a Rhode Island resident whose business includes use of an outdoor advertising sign located on the roof of his commercial location at 101 Poe Street, Providence, Rhode Island. Beginning in July of 2005 the State Department of Transportation notified him that his sign was allegedly in violation of state law because the sign then advertised an "off-premises" activity (namely the non-profit Casey Family Services) rather than an "on-premises" activity, i.e. one relating to the property on which the sign was located.

2. Anthony Joseph Vono (Vono) is an adult resident of Rhode Island.

3. Vono engages in the business of creating and designing promotional materials, such as T-shirts, hats, cups, and including the design for signs for his outdoor advertising sign.

4. Defendant, Jerome F. Williams, is now the Director of the Rhode Island Department of Transportation (RIDOT). He has been substituted as the defendant in this case for the original Director, James R. Capaldi.

5. The defendant in this case has been sued individually and in his capacity as Director.

6. The real property located at 101 Poe Street is owned by Stephen T. Haun, Haun Properties, LLC. Plaintiff Vono is the commercial lessee, who operates as Specialty Promotions at the site. Vono's leasehold includes use of the roof sign space, upon which Vono currently has placed an outdoor advertising sign.

7. The City of Providence, Department of Inspections and Standards, issued a permit on November 27, 2001, for a "roof sign (change of contractor) 19' x 8'5". Permit No. 11.

8. Plaintiff has leased the sign space to various advertisers in recent years, on a monthly rental basis.

9. A variety of advertisers have used the sign, which is clearly visible from the northbound lanes of Interstate 95, just south of the juncture with Interstate 195. Included among the previous advertisements was a Carcieri for Governor election sign.

10. On July 7, 2005, a letter was sent by RIDOT to Haun Properties and copied to Vono regarding plaintiff's sign. A copy of that letter is incorporated as Exhibit 1 to this stipulation.

11. On July 13, 2005, a second letter was sent by RIDOT to Haun and Vono on the subject of plaintiff's sign. A copy of that letter is incorporated as Exhibit 2 to this stipulation.

12. On August 16, 2005, RIDOT sent a letter to plaintiff Vono. A copy of that letter is incorporated as Exhibit 3 to this stipulation.

13. On August 22, 2005, Vono responded in writing to RIDOT. A copy of that letter is incorporated as Exhibit 4 to this stipulation.

14. On September 2, 2005, RIDOT sent a letter to Vono regarding the sign. A copy of that letter is incorporated as Exhibit 5 to this stipulation.

15. On September 12, 2005, Vono, now through legal counsel, sent a letter to RIDOT legal counsel. A copy of the September 12, 2005, letter is incorporated as Exhibit 6 to this stipulation.

16. Three additional letters were sent to DOT legal counsel by plaintiff's counsel, on September 16 and 20, and October 5, 2005. Copies of all three are incorporated as Exhibits 7, 8, and 9 of this stipulation.

17. Since the filing of this action, plaintiff has had a number of different signs or messages posted on his billboard. The "public nuisance" enforcement action remains pending, and plaintiff continues to post messages which are "off-premises" under defendant's regulations.

18. Action by RIDOT with regard to the pending "public nuisance" enforcement issue has been voluntarily stayed. (See Answer to Amended and Supplemental Complaint, paragraph 18.1).

19. Vono seeks to continue his practice of placing political speech and/or a variety of advertising messages about non-profit activities on the sign. In the past, in addition to the Carcieri for Governor sign in 2002, plaintiff has rented the sign space for the Tall Ships (Providence Tourism Council), St. Michael's Ministries, Trinity Repertory Theatre, and the "Rhode Island Treasures" show at the Rhode Island Convention Center, among others.

20. Plaintiff's sign is located in an area zoned industrial by the City of Providence.

21. Rhode Island General Laws, Section 24-10.1-1 et seq., regulate the subject of "outdoor advertising." The statute was first enacted in 1966.

22. RIDOT has promulgated "Rules and Regulations to implement the statute. Rules implemented in 2003 have now been replaced by Rules and Regulations promulgated in 2007.

23. Congress enacted 23 U.S.C. Section 131 in 1965 (known as "The Highway Beautification Act").

24. The 2007 RIDOT "Outdoor Advertising Rules and Regulations" are incorporated as Exhibit 10 to this stipulation. Exhibit 10 includes "Exhibits" A through D of the Rules and Regulations.

25. Plaintiff, Anthony Joseph Vono ("Vono") leases office and roof space at 101 Poe Street, Providence, RI, from Stephen Haun ("Haun"), which includes use of a roof sign at said address. Vono has leased the space since 2001. The office space is approximately 80 square feet. He uses the office space for some storage, and visits the location several times a month for approximately an hour or two. Vono considers the location an office, storage area, and

customer merchandise display area, as well as an area where he designs message logo graphics. Mr. Vono's lease also includes use of bath facilities on the premises and a sign preparation area within the building, which area measures approximately 20 x 40 feet. Also, Mr. Vono spends an additional four to six hours per month at the above mentioned location to install a new display message.

26. Sometime in 2000, Vono and Haun executed one "Lease and Service Agreement" (Exhibit 11). Vono came to the property at 101 Poe Street when he saw the opportunity to replace the existing roof top sign with a smaller and shorter sign than the one that existed at the time. He approached Haun about advertising on the premises. Previously, his sign was located at 1582 Warwick Avenue. In 2002, Vono removed an existing sign on the roof in order to place his sign there.

27. Vono is in the advertising business, having several business entities, including "Specialty Promotions", a sole proprietorship. That business placed advertisements on the sign at 101 Poe Street, and Mr. Vono arranges to have specialty items (such as pens, T-shirts, caps, etc.) printed by outside vendors. The specialty items mentioned are then imprinted with the same advertisement logo displayed on the sign. "Media Event" has been replaced by the DBA name, "Specialty Promotions", and is a sole proprietorship run by Vono.

28. Since 2002, a variety of advertisers have rent the sign, including:

a. The Providence Tourism Council (March 5, 2003) for $2,245.64;

b. Rhode Island Treasures (June 4, 2003) for $3,792.00;

c. Foster Parents (November 6, 2003) for $254.70;

d. Blockbuster Video (July 9, 2004) for $2,700.00;

e. Trinity Repertory Company (July 18, 2004) for $2,150.00;

f. Conventures (July 19, 2004) for $2,270.00;

g. Strategic Point (February 15, 2005) for $16,200.00;

h. Renaissance Restaurant & Catering (October 19, 2004) for $2,090.00;

i. Strategic Point (February 15, 2005) for $2,700.00;

j. Strategic Point (May 15, 2005) for $2,700.00;

k. Casey Family Services (June 1, 2005) for $1,800.00;

l. Casey Family Services (December 30, 2005) for $2,700.00;

m. The Cabinet Works, Inc. (February 1, 2006) for

n. The Cabinet Works, Inc. (March 3, 2006) for $1,900.00;

o. Casey Family Services (May 8, 2006) for $1,500.00;

p. Casey Family Services (June 6, 2006) for $1,500.00;

q. AA Insulation (Setpember 7, 2006) for $1,699.92;

r. Julie Finn (Stenhouse campaign) (October 1, 2006) for $1,075.00;

s. The Federal Hill commerce Association (December, 2006) for $2,950.00

(See Invoices, attached as Exhibits 12 and 13).

29. All invoices direct that payment be remitted to Haun Properties.

30. Per federal and state law, Rhode Island Department of Transportation is the designated state agency empowered to regulate outdoor advertising signs that are located within 660 feet of the highway system. Also, per federal and state law, Rhode Island Department of Transportation is the only state agency that is

empowered to issue permits for an outdoor advertising sign that are located within 660 feet of the highway system. Vono or the owner of the property (signs) have never received or applied for an outdoor advertising billboard permit from the Rhode Island Department of Transportation.

Presented by
Plaintiff, A. Joseph Vono
By his Attorney

/s/John W. Dineen_____
John W. Dineen #2346
305 South Main Street
Providence, RI 02903
Tel. 401-223-2397
Fax 401-223-2399

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I forwarded the above document by electronic mail to: **Rebecca T. Partington, Esq., rpartington@riag.ri.gov , and Michael Field, Esq., mfield@riag.ri.gov , Department of the Attorney General,** and also sent by U.S. mail on the same day to**; John Igliozzi, Esq., R.I. Department of Transportation, Two Capitol Hill, Providence, RI 02908.**

/s/ John W. Dineen_____

John W. Dineen