**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Anthony Joseph Vono** | **:** | |
| **d/b/a Specialty Promotions,** | **:** | |
| **Plaintiff** | **:** | |
| | **:** | |
| **VS.** | **:** | **C A. No. 05-485 S** |
| | : | |
| **Jerome Williams, Individually and in** | **:** | |
| **his official capacity as Director,** | **:** | |
| **State of Rhode Island Department of** | **:** | |
| **Transportation,** | **:** | |
| **Defendant** | **:** | |

**RESPONSE TO SUPPLEMENTAL MEMORANDUM ON NASER JEWELERS DECISION**

Plaintiff Anthony Vono has invited this Court's review of a recent decision by the First Circuit Court of Appeals, *Naser Jewelers, Inc. v. City of Concord*, No. 07-2098 (1st Cir. Jan. 18, 2008). Vono apparently believes that this decision is somehow ground-breaking and that it supports his arguments in the instant matter. He is wrong on both points. The decision is consistent with prior opinions, and actually supports the State's arguments that have already been submitted to this Court.

Vono's entire supplemental memorandum is based on the facile statement that the State's on-site billboard restrictions under review are content-based. That is simply not the case. There is no record evidence or compelling argument to support such a finding. To the contrary, the decisional authority relied upon by the State supports a finding that the on-site advertising restrictions are content-neutral and constitutional.

*Naser* reiterates that the "principal inquiry in determining content neutrality…is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." Slip. Op. at 7, citing *Globe Newspaper Co. v. Beacon Hill*

*Architectural Comm'n*, 100 F.3d 175, 183 (1st Cir. 1996). In this case, there is simply nothing in the record or the restrictions themselves that lends itself to support of such an argument. Instead, the following applies with equal force to this case: "[a] regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." ***Id.***

*Naser* reiterates that "[c]ontent-neutral regulations are permissible so long as they are narrowly tailored to serve a significant governmental interest and allow for reasonable alternative channels of communication. The narrow tailoring test is a form of intermediate scrutiny." ***Id.*** at 10.

*Naser* applied the three-part test for evaluating the constitutionality of content-neutral restrictions before determining that the ban on electronic billboards did not violate the United States Constitution. First, the Court looked at the legislative declaration of purpose, and found that it articulated a substantial governmental interest. ***Id.*** at 12. It cannot be argued that there is not a substantial governmental interest in this case, since they are the same as in *Naser* and myriad other, similar statutes that have been upheld. Rhode Island's statement of purpose is found in R.I. Gen. Laws § 24-10.1-1 and makes it clear that the regulations on outdoor advertising are based on concerns of public safety and aesthetic enjoyment.

In the second inquiry, asking whether the regulation was narrowly tailored, the Court cautioned that the government is not required to adopt the least restrictive means necessary to achieve the substantial interests asserted. The Plaintiff in *Naser,* as did Vono, attempted to place the burden on the State to produce studies or other evidence that the ban on off-premises advertising supports its stated interests, to no avail.

Finally, the Court noted the ample channels of communication that remained open to *Naser*, including advertisements elsewhere and in other mediums. This section of the Court's analysis highlights Vono's lack of standing—for he is not complaining of his inability to get his message out. Rather, he is complaining about lack of revenue from the selling of his rooftop space. The fact that this analysis does not fit into this case makes it clear that Vono is not engaged in any type of constitutionally protected behavior.

For the foregoing reasons, and for those articulated previously, the State requests that this Court issue a finding that the challenged statute and regulations are constitutional, and deny and dismiss the Complaint.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL
By his attorney,

*/s/ Rebecca Ted ford Parting ton*
*/s/ Michael W. Field*

Rebecca Ted ford Parting ton (#3890)
Assistant Attorney General
Michael W. Field (#5809)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Extension 2303
rpartington@riag.ri.gov
mfield@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I caused a copy of the within Response to be filed with the United States District Court ECF system and that it is available for viewing and downloading. In addition a copy has been electronically sent via the ECF system on this 14th day of February, 2008 to:

John W. Diner, Esq.
jwdineen1@yahoo.com

*/s/ Rebecca Ted ford Parting ton*

____________________________